IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01248-PAB-KMT

SLAWSON EXPLORATION COMPANY, INC.,

    Petitioner,

v.

U.S. ENERGY DEVELOPMENT CORPORATION,

    Respondent.
_____

**ORDER**
_____

    This matter comes before the Court on the Motion for Order Confirming Arbitration Award and Directing Entry of Judgment [Docket No. 18] filed by Slawson Exploration Company, Inc. ("Slawson"). The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

    Slawson is a Kansas corporation involved in the acquisition and development of oil and gas leases in McKenzie and Williams Counties, North Dakota. Docket No. 1 at 3. On January 15, 2010, Slawson and respondent U.S. Energy Development Corporation ("U.S. Energy") entered into an Exploration and Development Agreement With Area of Mutual Interest, Project X, McKenzie and Williams Counties, North Dakota ("Exploration Agreement"). *Id.* at 2, ¶ 5. Pursuant to that agreement, U.S. Energy agreed to pay Slawson various fees and costs, including "a cost-plus fee of 10% on its share of well drilling and completion costs (the "Drilling Promotes"). *Id.* at 3, ¶ 8. The agreement also provided that "[a]ny dispute arising under this Agreement shall be finally

determined by binding arbitration in Denver, Colorado, with a single arbitrator, and the arbitrator's determination shall be final [and] binding upon the Parties." *Id.* at 2, ¶ 7; Docket No. 1-3 at 5, ¶ 14(c).

On August 2, 2016, Slawson initiated arbitration proceedings against U.S. Energy, claiming that U.S. Energy had breached the Exploration Agreement by failing to pay Slawson for Drilling Promotes on certain wells. Docket No. 1 at 3, ¶¶ 9-10. After an evidentiary hearing on March 8, 9, and 10, 2017, in which both parties participated, Arbitrator Boyd N. Boland concluded that U.S. Energy "breached the [Exploration] Agreement as amended by failing to pay Drilling Promotes on all wells in which US Energy participates which are located on leases acquired by US Energy pursuant to the Agreement and on all wells drilled on lands covered by pooling orders that include those leaseholds." Docket No. 1-2 at 28; *see also* Docket No. 1 at 4, ¶ 11. On May 11, 2017, Arbitrator Boland awarded Slawson $689,338.78 in damages for unpaid Drilling Promotes, plus prejudgment interest at a rate of 8% per annum compounded annually, pursuant to Colo. Rev. Stat. § 5-12-102. Docket No. 1-2 at 28. On May 25, 2017, Arbitrator Boland ordered the release of $184,345.81 in funds that were being held in trust to Slawson, in partial payment of the arbitration award. Docket No. 18-1. On June 20, 2017, U.S. Energy filed a Motion to Correct or Modify Award with Arbitrator Boland, seeking reconsideration of the award of prejudgment interest. Docket No. 18 at 3, ¶ 7; *see also* Docket No. 18-2 at 3-4 (identifying grounds for motion to correct or modify). Arbitrator Boland denied the motion on July 28, 2017, noting, among other things, that "the FAA does not provide any mechanism for an arbitrator to correct or modify an award." Docket No. 18-2 at 10.

On May 23, 2017, Slawson filed a Petition to Confirm Arbitration Award [Docket No. 1] in this Court. Slawson served U.S. Energy through its registered agent on July 7, 2017 and filed an affidavit of service on July 13, 2017. Docket No. 12. On July 31, 2017, Slawson filed the instant motion for an order confirming the arbitration award and directing entry of final judgment. Docket No. 18. On May 25, 2018, the Court entered an order requesting supplemental briefing on plaintiff's request for post-award/prejudgment interest as well as an updated proposed final judgment. Docket No. 26. Plaintiff filed its supplemental brief on June 8, 2018. Docket No. 27. U.S. Energy has not responded to Slawson's original petition or its motion for confirmation of the arbitration award.

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9 *et seq.*, confirmation of an arbitration award is a summary procedure. "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration," a court "must grant . . . an order [confirming an arbitration award] unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. Because the parties have contracted to resolve their disputes by way of binding arbitration, "maximum deference" is owed to the arbitrator. *Hosier v. Citigroup Global Markets, Inc.*, 835 F. Supp. 2d 1098, 1101 (D. Colo. 2011). "Courts [ ] do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987). Thus, arbitration awards "must be confirmed even in the face of errors in an arbitration panel's factual findings, or its interpretation and application of the law." *Hosier*, 835 F. Supp. 2d

at 1101 (citing *Denver & Rio Grande W. R.R. v. Union Pac. R. R.*, 119 F.3d 847, 849 (10th Cir. 1997)).

An arbitration award may be disturbed only under "exceptional circumstances." *Burlington N. & Santa Fe Ry. Co. v. Pub. Serv. Co. of Okla.*, 636 F.3d 562, 567 (10th Cir. 2010); *see also Brown v. Coleman Co., Inc.*, 220 F.3d 1180, 1182 (10th Cir. 2000) (stating that "the standard of review of arbitral awards is among the narrowest known to law." (internal quotation marks omitted)). Section 10 of the FAA enumerates four situations in which a district court may vacate an arbitration award: (1) the award was procured by corruption, fraud, or undue means; (2) there was evidence that the arbitrators were partial or corrupt; (3) the arbitrators were guilty of misconduct; or (4) the arbitrators exceeded their powers or imperfectly executed them. 9 U.S.C. § 10(a)(1)-(4). There is also a "handful of judicially created reasons" for which vacatur is appropriate, including violations of public policy, an arbitrator's manifest disregard of the law, or the denial of a fundamentally fair hearing. *Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001) (citation omitted).[1]

Before assessing whether there is any ground for vacating, modifying, or correcting the arbitration award, the Court must first determine whether it has

---

[1] In *Hicks v. Cadle Co.*, 355 F. App'x 186 (10th Cir. 2009) (unpublished), the Tenth Circuit suggested that the judicially-created grounds for vacatur may not have survived the Supreme Court's decision in *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008). *Hicks*, 355 F. App'x at 195-97; *see also Hosier*, 835 F. Supp. 2d at 1102 (noting "[i]t is unclear whether the 'manifest disregard' standard remains a valid reason for vacating an arbitration award in light of the Supreme Court's decision in *Hall Street Associates*"). The Court need not resolve this issue because, like the defendants in *Hicks*, U.S. Energy has not demonstrated any judicially-created reasons for vacating the arbitration award. *See Hicks*, 355 F. App'x at 197.

jurisdiction to confirm the award. The "jurisdictional inquiry [in arbitration confirmation cases] is two-fold." *P & P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 866 (10th Cir. 1999). First, a court must have an independent basis for federal jurisdiction. *Id.* Second, the parties must "have agreed, explicitly or implicitly, that any eventual arbitration award shall be subject to judicial confirmation." *Id.*; *see also* 9 U.S.C. § 9 ("If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award . . . ."). In this case, federal jurisdiction exists under 28 U.S.C. §1332 because the parties are completely diverse and the amount in controversy exceeds $75,000. *See* Docket No. 1 at 1, ¶¶ 1-2. Additionally, the parties have agreed that any arbitration award will be subject to judicial confirmation. The Exploration Agreement provides that "the arbitrator's determination shall be final and binding upon the Parties" and that "either Party may apply to a court of competent jurisdiction to enforce any arbitration awarded, specific performance, or injunctive relief granted by the arbitrator." Docket No. 1-3 at 5, ¶ 14(c). Courts have found implicit consent to judicial confirmation based on similar language. *See Will v. Parsons Evergreene, LLC*, No. 08-cv-00898-DME-CBS, 2011 WL 2792398, at *1 (D. Colo. July 15, 2011) (finding that parties had consented to court's authority to enter judgment confirming arbitration award where agreement provided that the arbitration award would be final and binding and that parties had "consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction");

*Dish Network L.L.C. v. JBS Dish, Inc.*, No. 10-cv-00212-CMA-CBS, 2010 WL 2004570, at *1-2 (D. Colo. May 19, 2010) (exercising jurisdiction to confirm arbitration award where the parties' agreement stated that "[t]he decision of the Arbitrator(s) shall be final and binding" and "any award of the Arbitrator(s) may be entered and enforced as a final judgment in any state or federal court of competent jurisdiction in the United States"); *see also Okla. City Assocs. v. Wal-Mart Stores, Inc.*, 923 F.2d 791, 795 (10th Cir. 1991) (stating that section 9 "requires *some* manifestation of the agreement to have judgment entered in the contract itself").[2]

In addition to having jurisdiction to confirm the arbitration award in this case, the Court is unaware of any grounds on which to vacate, modify, or correct the award. Because U.S. Energy has not responded to Slawson's original petition or its motion for an order confirming the arbitration award, the Court has been presented with no grounds on which to deny Slawson's request for judicial confirmation. *See Youngs v. Am. Nutrition, Inc.*, 537 F.3d 1135, 1141 (10th Cir. 2008) ("The burden is on the party seeking to vacate an arbitration award . . . to show that one of the limited statutory grounds exists for setting aside the arbitration result."); *Dingo, Inc. v. Who Ya Gonna Call Bark Busters Pty, Ltd.*, No. 12-cv-02583-PAB-KMT, 2013 WL 3357662, at *2 (D.

---

[2] The fact that the arbitration clause does not specify the court of competent jurisdiction does not deprive this Court of jurisdiction to confirm the arbitration award. *See Bad Ass Coffee Company of Hawaii v. Bad Ass Coffee Ltd. P'ship*, 25 F. App'x 738, 743 (10th Cir. 2001) (unpublished) ("When no court is specified in the parties' agreement, the Federal Arbitration Act provides that judgment may be entered in 'the United States Court in and for the district within which such award was made.'" (quoting 9 U.S.C. § 9)). Because the arbitration award was made in the District of Colorado, *see* Docket No. 1-2 at 2, this Court may enter judgment confirming the award pursuant to the FAA. *See* 9 U.S.C. § 9.

Colo. July 3, 2013) (confirming arbitration award where plaintiff had not presented any valid grounds to vacate, modify, or correct the award). Accordingly, the Court will confirm the arbitration award of Arbitrator Boyd N. Boland that was entered on May 11, 2017.

Finally, Slawson requests both post-award, prejudgment interest and postjudgment interest. "State law applies when determining the issue of prejudgment interest." *Hicks v. Cadle Co.*, 355 F. App'x 186, 199 (10th Cir. 2009) (unpublished); *see also Strickland Tower Maintenance, Inc. v. AT&T Commc'ns, Inc.*, 128 F.3d 1422, 1429 (10th Cir. 1997) ("A federal court sitting in diversity applies state law, not federal law, regarding the issue of prejudgment interest.").[3] Under Colo. Rev. Stat. § 5-12-102(1), a

---

[3]There appears to be some dispute over whether prejudgment interest is governed by state or federal law. *See Cessna Aircraft Co. v. Avcorp Indus., Inc.*, 943 F. Supp. 2d 1191, 1199 & n.7 (D. Kan. 2013) (noting inconsistency in case law regarding whether state or federal law governs award of prejudgment interest). In *United Food & Commercial Workers, Local Union No. 7R v. Safeway Stores, Inc.*, 889 F.2d 940 (10th Cir. 1989), the Tenth Circuit stated that "[t]he granting of prejudgment interest from the date of the arbitrator's award in an action seeking to confirm that award is a question of federal law entrusted to the sound discretion of the district court." *Id.* at 949. However, *United Food* involved confirmation of an arbitration award under section 301 of the Labor-Management Relations Act and is therefore distinguishable from cases involving state law claims subject to confirmation under the FAA. *See id.* at 943-46. Even if federal law governs the issue of prejudgment interest in this case, the outcome would be the same. Under federal law, "[a]n award of prejudgment interest is proper if it would compensate the wronged parties and so long as other equities would not make such an award unjust." *Kalmar Indus. USA LLC v. Int'l Brotherhood of Teamsters Local 838*, 452 F. Supp. 2d 1154, 1167 (D. Kan. 2006) (citing *Suiter v. Mitchell Motor Coach Sales, Inc.*, 151 F.3d 1275, 1289 (10th Cir. 1998)). Here, post-award, prejudgment interest is appropriate because it will "fairly compensate [Slawson] for the lost use of the arbitration award from the date it was due [ ] through judgment," *Cessna Aircraft Co.*, 943 F. Supp. 2d at 1199, and the Court is unaware of any factors that would make such an award unjust. *See Kalmar Indus. USA LLC,* 452 F. Supp. 2d at 1167. Moreover, the 8% interest rate under Colo. Rev. Stat. § 5-12-102 would still apply because courts applying federal law to determine the issue of prejudgment interest "generally look to state law to determine the rate." *Id.*

7

prevailing party is entitled to prejudgment interest at the rate of 8% per annum, compounded annually, when "money or property has been wrongfully withheld."[4] This statute applies in contract and property damage cases where a party has been awarded compensatory damages. *See Thompson v. United Secs. Alliance, Inc.*, 2016 WL 4699113, at *5 (Colo. App. Sept. 8, 2016). During the arbitration proceedings in this case, Slawson requested – and the arbitrator awarded – prejudgment interest pursuant to § 5-12-102. *See* Docket No. 1-2 at 28. In an order releasing funds held in trust, the arbitrator further indicated that prejudgment interest would continue to accrue. *See* Docket No. 18-1 at 3 (noting that Slawson was awarded "interest exceeding $232,657.88," the amount that had accrued as of March 7, 2017). Slawson's request for post-award, prejudgment interest is therefore consistent with the arbitration award and does not represent an impermissible modification of that award. *See Duncan v. Nat'l Home Ins. Co.*, 36 P.3d 191, 193 (Colo. App. 2001) (reversing award of prejudgment interest where prevailing party did not request prejudgment interest during the arbitration proceedings and thus "trial court's addition of prejudgment interest upon confirmation of the arbitration award [ ] constituted an impermissible modification of the award); *see also Barrett v. Investment Mgmt. Consultants, Ltd.*, 190 P.3d 800, 802, 805 (Colo. App. 2008) (affirming trial court's award of post-award, prejudgment interest at rate of 8% per annum where arbitration panel had ordered payment of prejudgment interest at same rate).

---

[4] The parties agreed that the Exploration Agreement would be "governed by and construed in accordance with the laws of the state of Colorado, except with respect to substantive oil and gas and real property matters." Docket No. 1-3 at 5, ¶ 14(e).

The Court will also grant Slawson's request for post-judgment interest. In contrast to prejudgment interest, the issue of post-judgment interest is governed by federal law. *Hosier v. Citigroup Global Markets*, 858 F. Supp. 2d 1206, 1209 (D. Colo. 2012) (citing *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004)). Accordingly, once an arbitration award is confirmed in federal court, post-judgment interest is mandatory and "the rate specified in [28 U.S.C.] § 1961 applies." *Id.* While prejudgment interest under Colorado law may only be awarded on compensatory damages, *see Seaward Constr. Co., Inc. v. Bradley*, 817 P.2d 971, 977-78 (Colo. 1991), post-judgment interest "applies to the entire Award." *Hosier*, 858 F. Supp. 2d at 1211 (internal quotation marks omitted) (citing *F.D.I.C. v. United Pac. Ins. Co.*, 152 F.3d 1266, 1277 n.8 (10th Cir. 1998)).

For the foregoing reasons, it is

**ORDERED** that petitioner's Motion for Order Confirming Arbitration Award and Directing Entry of Judgment [Docket No. 18] is **GRANTED**. It is further

**ORDERED** that the award of Arbitrator Boyd N. Boland, executed on May 11, 2017 and attached hereto as Exhibit A (the "Award"), is **CONFIRMED**. It is further

**ORDERED** that U.S. Energy Development Corporation shall be liable to Slawson Exploration Company, Inc. in the amount of $30,033.97.[5] It is further

**ORDERED** that post-judgment interest, accruing on any unpaid portions of the

---

[5]This amount reflects the sum total of: (1) the balance of the arbitration award; (2) the post-award, prejudgment interest that accrued from March 7, 2017 to June 15, 2018, as calculated in plaintiff's supplemental brief filed on June 8, 2018, *see* Docket No. 27 at 5-6; and (3) the additional $36.99 in post-award, prejudgment interest that accrued from June 15, 2018 through June 20, 2018.

Award from the date of entry of Final Judgment in this Court until the judgment is paid in full, is awarded in accordance with the rate and method of calculation set forth in 28 U.S.C. § 1961. It is further

**ORDERED** that U.S. Energy Development Corporation shall pay Drilling Promotes, as that term is defined in the Award, on (1) any well in which U.S. Energy participates which is located on a lease acquired by U.S. Energy pursuant to the parties' Exploration Agreement and (2) any well drilled on lands covered by pooling orders that include such leaseholds. It is further

**ORDERED** that U.S. Energy Development Corporation has no continuing liability for Drilling Promotes on wells drilled on the leases assigned by U.S. Energy to Emerald Oil, Inc., to which Slawson Exploration Company, Inc. consented. It is further

**ORDERED** that, within 14 days of the entry of this Order, petitioner may have its costs by filing a Bill of Costs with the Clerk of the Court.[6] It is further

**ORDERED** that this case is closed.

DATED June 20, 2018.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge

---

[6] In its petition for confirmation of the arbitration award, plaintiff also requests an award of attorney's fees. Docket No. 1 at 6(d); Docket No. 1-5 at 3(d). Pursuant to D.C.COLO.LCivR 54.3, a request for attorney's fees must be made by separate motion and supported by an affidavit that complies with the requirements outlined in the rule. Because plaintiff has failed to comply with D.C.COLO.LCivR 54.3, its request for attorney's fees is denied without prejudice.